19-3005-cr
United States of America v. Olena Kalichenko

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 24th day of March, two thousand twenty one.

Present:    ROSEMARY S. POOLER,
            RICHARD J. SULLIVAN,
            MICHAEL H. PARK,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

            v.                                                19-3005-cr

OLENA KALICHENKO,

                        *Defendant-Appellant*.

_____

Appearing for Appellant:    Murray E. Singer, Port Washington, N.Y.

Appearing for Appellee:    Allen L. Bode, Assistant United States Attorney (Amy Busa, Assistant United States Attorney, *on the brief*), for Mark J. Lesko, Acting United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant Olena Kalichenko appeals from a September 16, 2019 judgment of conviction in the United States District Court for the Eastern District of New York (Bianco, *J.*). Kalichenko, a Ukrainian citizen, argues that her convictions under certain child exploitation statutes improperly punish extraterritorial conduct that took place in Ukraine. In a supplemental pro se submission, she also argues that the district court erred by denying her motion to withdraw her guilty plea. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We first turn to Kalichenko's arguments regarding the extraterritorial applications of 18 U.S.C. §§ 2251(a) and 2252(a)(1), which constitute two of her four counts of conviction. Courts presume that Congress ordinarily legislates "within the territorial jurisdiction of the United States." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 255 (2010) (citation and internal quotation marks omitted). Nevertheless, this presumption may be "overcome by clearly expressed Congressional intent for a statute to apply extraterritorially." *Weiss v. Nat'l Westminster Bank PLC*, 768 F.3d 202, 211 (2d Cir. 2014). We analyze the extraterritorial applicability of criminal statutes in two steps:

> At step one, we ask whether the presumption has been rebutted by the statute in question, *i.e.*, whether the statute gives a clear, affirmative indication that it applies extraterritorially. . . . [If not, we] . . . turn to step two of the inquiry to determine whether the case involves a domestic application of the statute. We begin this process by looking to the statute's focus. The focus of a statute is the object of its solicitude, which can include the conduct it seeks to regulate, as well as the parties and interests it seeks to protect or vindicate. If the conduct at issue relevant to the statute's focus occurred in the United States, then the case involves a permissible domestic application of the statute, even if other conduct occurred abroad.

*United States v. Napout*, 963 F.3d 163, 178 (2d Cir. 2020) (citations, alterations, and internal quotation marks omitted).

This case involves a domestic application of the challenged statutes, so we need not decide whether they apply extraterritorially. *See WesternGeco LLC v. ION Geophysical Corp.*, 138 S. Ct. 2129, 2136 (2018) ("While it will usually be preferable to begin with step one, courts have the discretion to begin at step two in appropriate cases." (internal quotation marks omitted)). Even assuming that the statutes at issue here, 18 U.S.C §§ 2251(a) and 2252(a)(1), do not provide a "clear, affirmative statutory indication" of extraterritorial applicability, "[t]he focus" of the statutes is eliminating the *market* for production, distribution, and consumption of child pornography (which makes use of interstate and foreign channels of commerce) because the very existence of that market begets the sexual exploitation of children. *Napout*, 963 F.3d at 178. Although Kalichenko indisputably abused her daughter in Ukraine, she recorded and transmitted—both electronically and physically—sexually explicit recordings of her and her daughter to her co-conspirator in the United States, Joseph Valerio, a United States citizen and resident of Long Island. Valerio sometimes requested specific content, which Kalichenko

provided, and Valerio paid Kalichenko thousands of dollars in exchange for the videos. Therefore, the conduct "relevant to the statute's focus" has a direct connection to the United States, rendering this case a "domestic application" of the statutes. *See id.* Kalichenko's convictions were thus proper applications of 18 U.S.C. §§ 2251(a) and 2252(a)(1).

Kalichenko also argues that the government violated her due process rights because her conduct lacked a sufficient nexus to the United States and because, when she volunteered incriminating evidence to law enforcement agents, she did not reasonably believe she could be prosecuted in the United States. "[T]o apply extraterritorially a federal criminal statute to a defendant consistently with due process, there must be a sufficient nexus between the defendant and the United States, so that such application would not be arbitrary or fundamentally unfair." *United States v. Yousef*, 327 F.3d 56, 111 (2d Cir. 2003) (citation and internal quotation marks omitted). As discussed, a sufficient nexus exists between Kalichenko's conduct and the United States, given her interactions with Valerio, including receiving compensation for creating and sending sexually explicit videos of a minor to him. Moreover, Kalichenko's mistaken, subjective belief that the United States government would not prosecute her does not, without more, give rise to a due process violation for lack of fair warning. As we have previously explained, "[f]air warning does not require that the defendants understand that they could be subject to criminal prosecution *in the United States* so long as they would reasonably understand that their conduct was criminal and would subject them to prosecution somewhere." *United States v. Al Kassar*, 660 F.3d 108, 119 (2d Cir. 2011) (emphasis in original). We agree with the district court that it would be self-evident to any reasonable person that creating child pornography and sending it to the United States would subject that person to criminal prosecution *somewhere*. Accordingly, no due process violation occurred.

Finally, Kalichenko's pro se argument that the district court erred in denying her motion to withdraw her guilty plea also fails. "Rule 11 of the Federal Rules of Criminal Procedure provides that after a defendant has pleaded guilty but before [s]he has been sentenced, the court may allow [her] to withdraw [her] plea of guilty 'if . . . the defendant can show a fair and just reason for requesting the withdrawal.'" *United States v. Gonzalez*, 647 F.3d 41, 56 (2d Cir. 2011) (quoting Fed. R. Crim. P. 11(d)(2)(B)). A defendant does not have an absolute right to withdraw a guilty plea, and whether to permit withdrawal "is committed to the sound discretion of the district court." *Id.* In doing so, a district court considers, among other things:

> (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea.

*Id.* (citation and internal quotation marks omitted).

The district court carefully weighed the above factors. Kalichenko does not assert legal innocence; she moved to withdraw nearly three years after pleading guilty; and, given that several years have passed since the investigation began in 2013, the government would be prejudiced by withdrawal. Kalichenko's argument that she did not know that the Ukrainian

3

consulate had asked the United States government to cede jurisdiction of her case to Ukraine—even if true—is not grounds for withdrawal. Finally, to the extent Kalichenko attempts to argue that her plea was involuntary, the district court engaged in a thorough and extensive colloquy prior to accepting her guilty plea, during which she stated she felt guilty and described the facts supporting her conviction. *See United States v. Rivernider*, 828 F.3d 91, 105 (2d Cir. 2016) ("[S]worn testimony given during a plea colloquy carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." (internal quotation marks omitted)). Accordingly, we affirm the district court's denial of the motion to withdraw a guilty plea.

We have considered the remainder of Kalichenko's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk